D/cm

2.

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

CIVIL ACTION NO. 1:04CV00171

| | |
|---|---|
| CYNTHIA D. BARNHILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ANSWER |
| ) | |
| STATE FARM MUTUAL AUTOMOBILE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

FILED
FEB 26 2004
IN THIS OFFICE
Clerk, U. S. District Court
Greensboro, N. C.
By _____

Defendant State Farm Mutual Automobile Insurance Company (hereinafter "State Farm"), through counsel, hereby responds to the plaintiff's complaint as follows:

**FIRST DEFENSE**

1.   Paragraph 1 is admitted.

2.   Answering paragraph 2, State Farm admits that it is an Illinois corporation duly licensed to conduct business in North Carolina with offices in Orange County, North Carolina. Except as admitted, paragraph 2 is denied.

3.   Answering paragraph 3, State Farm admits that it is in the business of providing insurance, including personal auto policies which contain liability insurance coverage and medical payments coverage. State Farm further admits that it issued its policy number 0194-224-33A (hereinafter "the Policy") to the plaintiff and that the policy was in full force and effect at the time of the plaintiff's alleged injuries. Except as admitted, paragraph 3 is denied.

4. Answering paragraph 4, State Farm states that the Policy has specific policy language dealing with medical payments coverage and that the Policy is the best evidence of what is contained therein. To the extent that any of the factual allegations in paragraph 4 conflict with the language of the Policy, they are denied.

5. Answering paragraph 5, State Farm admits that the official investigative accident report was attached the plaintiff's complaint as Exhibit A and is the best evidence of what is contained therein. State Farm further admits that the plaintiff was involved in an incident in a parking lot on May 13, 2002. Except as admitted, paragraph 5 is denied.

6. Paragraph 6 is denied for lack of knowledge or information sufficient to form a belief.

7. Answering paragraph 7, State Farm admits that it has received bills indicating that the plaintiff received medical treatment at the institutions listed in paragraph 7 of the plaintiff's complaint, which bills total approximately $26,142.41. State Farm denies that part or all of these bills were related to the accident. Except as admitted, paragraph 7 is denied.

8. Paragraph 8 is denied.

9. Paragraph 9 is admitted.

10. Answering paragraph 10, State Farm admits that the plaintiff's policy contains medical payments coverage as set forth in the Policy. To the extent that the fact as alleged in paragraph 10 contradict the language of the Policy, they are denied.

11. Paragraph 11 is denied.

12. Paragraph 12 is admitted.

13-20. Paragraphs 13 through 20, inclusive, are denied.

## SECOND DEFENSE

State Farm pleads the terms, conditions and provisions of the plaintiff's policy and incorporates those terms, conditions and provisions herein and hereby pleads those terms, conditions and provisions in bar and as an affirmative defense against the plaintiff's claims and action herein.

## THIRD DEFENSE

At all relevant times herein, State Farm, by and through its agents and employees, has acted in good faith and without malicious intent, all of which is pled in bar of and as an affirmative defense against the plaintiff's claims and action herein.

## FOURTH DEFENSE

The plaintiff's complaint, to the extent that it seeks punitive or exemplary damages, violates State Farm's rights for procedural due process under the 14th Amendment of the United States Constitution and the Constitution of the State of North Carolina and, therefore, fails to state a cause of action for which either punitive or exemplary damages can be awarded. The plaintiff's complaint, to the extent that it seeks punitive or exemplary damages, violates State Farm's right to protection from "excessive fines" as provided in the 8th Amendment of the United States Constitution and also violates State Farm's right to substantive due process as provided in the 5th and 14th Amendments of the United States Constitution and the Constitution of the State of North Carolina, and, therefore, fails to state a cause of action supporting the punitive or exemplary damages claimed, and as such, those claims should be dismissed.

## FIFTH DEFENSE

The plaintiff's claims for punitive damages are barred by the provisions of N.C. Gen. Stat. § 1D-1 et. seq. To the extent that the plaintiff's complaint is construed to state a claim for punitive damages, State Farm requests a cap of those damages pursuant to N.C. Gen. Stat. § 1D-25(b).

WHEREFORE, having fully answered the plaintiff's complaint, defendant State Farm Mutual Automobile Insurance Company respectfully requests that the plaintiff's complaint be dismissed and that the plaintiff have and recover nothing of it; that it have and recover its costs, including reasonable attorney's fees incurred in defending the plaintiff's claim for punitive damages and unfair and deceptive trade practices; that all issues be tried by a jury; and that it have and recover such other and further relief as the Court deems just and proper.

This the 25th day of February, 2004.

PATTERSON, DILTHEY, CLAY, BRYSON & ANDERSON, L.L.P.

By_____
Scott Lewis
State Bar No. 22167
Attorney for Defendant
2516 Independence Blvd., Suite 200
Wilmington, NC 28412
Telephone (910) 452-2797

## CERTIFICATE OF SERVICE

This is to certify that the undersigned, counsel for defendant, has this date served Answer in the above captioned action upon the plaintiff in this cause by depositing the original and/or a copy thereof, postage prepaid, in the United States Mail, addressed to the attorney(s) for said parties.

SERVED:

Lisa Lanier
Kevin Ginsberg
Lanier Law Group, P.A.
600 South Duke Street
Durham, NC 27701

This 25th day of February, 2004.

PATTERSON, DILTHEY, CLAY, BRYSON & ANDERSON, L.L.P.

By _____
Scott Lewis
State Bar No. 22167
Attorney for Defendant
2516 Independence Blvd., Suite 200
Wilmington, NC 28412
Telephone (910) 452-2797